■ MAYNARD A. FARBER et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 46017.) — Judgment unanimously modified on the law and facts by reducing the total amount thereof to the sum of $7,225 and, as modified, affirmed, without costs. Memorandum:

The court was not justified in rejecting the position asserted by the experts for both the claimant and the State that potential residential development should be considered in evaluating the portion of the property taken fronting on the highway. The State concedes that the 1.001 acres appropriated that fronted on the highway had a value of $.075 a square foot or a total value of $3,270. It contends however that there was comparable land with a residential potential remaining with access to the highway. However it would appear that the land to the rear of the portion taken was in no way comparable in its suitability for residential development. The evidence does not establish that the claimant is left with comparable property with access and the State is required to compensate claimant in the amount of the value of the property taken which we find to be the value asserted by the State of $3,270, rather than the value of the land to the rear. As to the award of consequential damages the record gives very little indication of the overall impact of the appropriation on the operation of the farm. The burden of proving consequential damages is on the claimant and the only justification· for consequential damages supported by the evidence relates to the cost of curing access difficulty, fencing, and the other losses created by the direct appropriation as testified to by the State's appraiser. The award for direct damages for the taking of 4.705 acres of claimant's land, including the 1.001 acres above should be increased to $4,100 and the award for consequential damages should be reduced to $3,125 resulting in an overall reduction in the amount of the judgment from $10,250 to $7,225. (Appeal from judgment of Court of Claims in action for damages for permanent *de facto* appropriation.) Present — Bastow, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.